UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICIA ROSEN, on behalf of THERESA
MAZZARO, deceased,

                 Plaintiff,                                   **MEMORANDUM OF DECISION & ORDER**

           -against-

COMMISSIONER OF SOCIAL SECURITY,         21 CV 2220 (GRB)

                 Defendant.
------------------------------------------------------------X

**GARY R. BROWN, United States District Judge**:

      In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), plaintiff challenges final determinations by the Commissioner of the Social Security Administration that the decedent was ineligible to receive Social Security disability insurance benefits. *See* DE 1. Presently before the Court are the parties' cross motions, pursuant Fed. R. Civ. P. 12(c), for judgment on the pleadings.

      In its review, the Court has applied the frequently reiterated standards for entitlement to Social Security disability benefits, review of a denial of such benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence rule, deference accorded to ALJ decisions, evaluation of vocational evidence and, importantly in this case, the obligation of the ALJ to develop the record. These standards, along with numerous authorities and citations, are discussed at length, merely by way of example, in *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 219 (E.D.N.Y. 2021), which discussion is hereby incorporated by reference.

      In this case, the matter is fairly simple. The ALJ determined that the decedent was not disabled due to neurological impairments – including dementia – based almost exclusively upon

1

examinations by a cardiologist, whose findings include references to decedent's treatment by a neurologist, and testimony indicating the same. Tr. 33, 340.  While the ALJ apparently did not obtain records from the neurologist before issuing his decision, such records were submitted to the Appeals Council, which rejected them based on the incorrect assertion that the records did not bear on the period of disability.  *See* Tr. 8 (neurologist report suggesting that impairments dated back to January 1, 2018, within the period of disability).  Thus, in considering the record as a whole, the ALJ failed to fulfill his duty to develop the record, and the matter must be REMANDED for further proceedings.

    The Clerk of Court is directed to close the case.

    **SO ORDERED.**

    Dated: Central Islip, New York
          August 4, 2022

                                        /s/ Gary R. Brown
                                        GARY R. BROWN
                                        United States District Judge